IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVNIA

| | |
|---|---|
| NANCY INGRAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 10-1728 |
| | ) |
| RICHARD AMRHEIN, CONSOL | ) |
| ENERGY, CARY JONES and | ) |
| DAVID BARTON, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

### INTRODUCTION

In this diversity action, Plaintiff, Nancy Ingram, proceeding *pro se*, asserts fraud claims against Defendants, Richard Amrhein ("Amrhein"), Consol Energy, Cary Jones ("Jones") and David Barton ("Barton"). Plaintiff's claims arise out of probate of the estate of Doris A. Rogers, Plaintiff's late mother, in the Orphan's Division of the Court of Common Pleas of Washington County, Pennsylvania. Barton has filed a motion to dismiss and a supplemental motion to dismiss under Fed.R.Civ.P. 12(b)(6). For the reasons set forth below, the motion to dismiss will be denied as moot and the supplemental motion to dismiss will be granted.

### FACTUAL ALLEGATIONS

In summary, Plaintiff's complaint alleges the following facts:

1

Plaintiff and four siblings were the beneficiaries of their mother's estate. On August 2, 2004, despite Plaintiff's objection in open court on two occasions in June 2004, ninety-nine (99) acres of real estate owned by Mrs. Rogers was sold to Consol Energy for $348,000.00. Contrary to subsequent testimony by unidentified individuals in a proceeding on some unspecified date before Judge Gladden in the Court of Common Pleas of Washington County, Pennsylvania, Plaintiff discovered "by chance" in 2008 that Mrs. Rogers' real estate had been divided into three parcels prior to sale and each parcel had been sold for $348,000.00. By failing to disclose the division of the real estate and the actual proceeds realized from its sale, Defendants defrauded Plaintiff.

Amrhein, who served as counsel for Consol Energy, was present during an argument in the probate proceedings on a motion to sell Mrs. Rogers' real estate to Consol Energy, which was denied by Judge Gladden. Following the denial of the motion, Amrhein effectuated the transfer of the real estate to Consol Energy outside the probate proceedings, acting in total disregard of Plaintiff's claim to "2106." In addition, Amrhein actively covered up the improper transfer of the real estate to Consol Energy on the public record.

Jones, who served as counsel for Mrs. Rogers' estate, effectuated the transfer of "2106" outside of probate. In

proceeding with the sale of the real estate to Consol Energy, Jones acted in contempt of Judge Gladden's ruling. Jones knew of pre-death transfers that had to have been made to effectuate the sale of Mrs. Rogers' real estate outside probate. In failing to disclose the pre-death transfers, Jones committed fraud against Plaintiff and the other beneficiaries of Mrs. Rogers' estate.

Barton, who was retained to represent Plaintiff in the probate of her mother's estate, aided and abetted the other Defendants' fraudulent conduct by refusing to file a petition for contempt in connection with the transfer of the real estate to Consol Energy in direct defiance of Judge Gladden's ruling. If a contempt hearing had been held, Defendants' fraudulent conduct may have been discovered in 2004, rather than 2008, prior to completion of the probate proceedings in 2007.[1] (Docket No. 1).

**LEGAL STANDARD**

In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court abrogated the oft-repeated standard for dismissal of a complaint under Fed.R.Civ.P. 12(b)(6) enunciated in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), *i.e.*, that a complaint may not be dismissed "unless it appears beyond

---

[1] Plaintiff seeks "treble damages (3 times the sale price)" of the real estate from all Defendants for the fraud that is alleged to have been perpetrated upon her.

3

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Following Twombly, a plaintiff must "nudge[] [his or her] claims across the line from conceivable to plausible" in order to survive a motion to dismiss. 550 U.S. at 570. See also Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.2008)("After Twombly, it is no longer sufficient to allege mere elements of a cause of action; instead 'a complaint must allege facts suggestive of [the proscribed] conduct.'").

DISCUSSION

As noted above, Plaintiff asserts that Barton aided and abetted the other Defendants' fraudulent conduct by failing to file a petition for contempt after the real estate owned by Plaintiff's late mother was sold to Consol Energy in defiance of an alleged ruling by Judge Gladden in the probate proceedings. After filing a motion to dismiss arguing that Plaintiff's complaint failed to comply with the requirements of Fed.R.Civ.P. 9(b) for pleading fraud and that the Court lacked subject matter jurisdiction under the Rooker-Feldman doctrine,[2] Barton received,

---

[2] With regard to Rule 9(b), when pleading a claim for fraud, a party must state with particularity the circumstances constituting fraud. "Rule 9(b) requires, at a minimum, that plaintiffs support their allegations of [] fraud with all of the essential factual background that would accompany 'the first paragraph of any newspaper story' – that is, the 'who, what, when, where and how' of the events at issue." In re Rockefeller Center Properties, Inc. Sec. Litigation, 311 F.3d 198, 217 (3d Cir.2002)(citations omitted). As to the Rooker-Feldman doctrine, the lower Federal courts are precluded from exercising jurisdiction if the relief requested in the federal action would

4

among other things, a copy of the transcript of the October 14, 2004 hearing before Judge Gladden - the only proceeding before Judge Gladden at which Barton represented Plaintiff.³ Based on the transcript and other court documents related to probate of Mrs. Rogers' estate, Barton filed a supplemental motion to dismiss. After consideration of the supplemental motion to dismiss and the court documents attached thereto,⁴ the Court agrees with Barton that Plaintiff has failed to state a claim against him upon which relief can be granted.⁵

During the initial hearing on the petition for audit of Mrs. Rogers' estate before Judge Gladden on October 14, 2004, Jones was present for the estate and Barton was present for Plaintiff. Discussions between the Court and counsel during the brief hearing were limited to the following matters: (1) the inheritance tax return which had not yet been approved; (2) the

---

effectively reverse a State court decision or void its ruling. Gulla v. North Strabane Twp., 146 F.3d 168, 171 (3d Cir.1998).

³ Judge Gladden presided over another hearing in connection with the petition for audit of Mrs. Rogers' estate on December 16, 2004. By this time, Plaintiff had replaced Barton with Julie Freeman, Esquire, who attended this hearing on Plaintiff's behalf. (Docket No. 24-4).

⁴ When ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a court may consider the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. Berry v. Klem, 283 Fed.Appx. 1, 3 (3d Cir.2008), quoting, Lum v. Bank of America, 361 F.3d 217, 280 (3d Cir.2000). Because the documents attached to Barton's supplemental motion to dismiss are matters of public record and form the basis for Plaintiff's fraud claim, the Court may consider the exhibits without converting the motion to a motion for summary judgment under Fed.R.Civ.P. 56.

⁵ Because the argument raised in Barton's supplemental motion to dismiss is dispositive, it is not necessary for the Court to address the additional arguments raised in his initial motion to dismiss, which will be denied as moot.

possibility of another beneficiary of Mrs. Rogers' estate;[6] (3) correspondence sent to the court by Patty Rogers, one of Plaintiff's siblings; (4) the possibility of collusion in connection with Mrs. Rogers' expressed desire to change her will shortly before she died; and (5) advance distributions to beneficiaries which were not reflected on the account of the estate filed with the court.[7] In light of these outstanding issues, Judge Gladden continued the hearing on the audit petition to the December list of the Orphan's Court. (Docket No. 24-3).

As noted by Barton, to establish contempt, a petitioner must show that (1) a valid court order existed, (2) the defendant had knowledge of the order, and (3) the defendant disobeyed the order. Roe v. Operation Rescue, 919 F.2d 857, 871 (3d Cir.1990). The transcripts of the hearings before Judge Gladden on October 4, 2004 and December 16, 2004 and the Orphans' Court docket for Mrs. Rogers' estate (Docket Nos. 24-3, 24-4 and 24-5) show that Barton's representation of Plaintiff before Judge Gladden was limited to the October 14, 2004 hearing and that Judge Gladden did not issue any orders in connection

---

[6] Mrs. Rogers had a son, Daniel Rogers, who predeceased her. During the probate of Mrs. Rogers' estate, Jones became aware of an individual named Gary Malarky who may be the son of Daniel Rogers, and, therefore, a beneficiary of Mr. Rogers' estate. Jones sought, and received, an oral 30-day extension of time for Mr. Malarky to file a formal claim or an objection in the probate proceeding.
[7] There was no discussion regarding the sale of Mrs. Rogers' real estate to Consol Energy during the October 4, 2004 hearing before Judge Gladden.

6

with that hearing. As a result, there was no order on which Barton could have based a petition for contempt.

In sum, because his failure to file a contempt petition is the sole basis for Plaintiff's assertion that Barton aided and abetted the other Defendants' alleged fraudulent conduct, and no orders were entered by Judge Gladden while Barton represented Plaintiff in the probate proceedings, Plaintiff has failed to state a plausible claim against Barton for fraud. Further, because amendment of the complaint would be futile with regard to the fraud claim against Barton, Plaintiff will not be given leave to amend her claim against him.


_____
Judge William L. Standish
United States District Judge

Date: 21 April 2011