IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVNIA

| | | |
|---|---|---|
| NANCY INGRAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 10-1728 |
| | ) | |
| RICHARD AMRHEIN, CONSOL | ) | |
| ENERGY and CARY JONES, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

**INTRODUCTION**

In this diversity action, Plaintiff, Nancy Ingram, proceeding *pro se*, asserts fraud claims against Defendants, Richard Amrhein ("Amrhein"), Consol Energy and Cary Jones ("Jones"). Plaintiff's claims arise out of probate of the estate of Doris A. Rogers, Plaintiff's late mother, in the Orphan's Division of the Court of Common Pleas of Washington County, Pennsylvania.[1]

Consol Energy and Amrhein, an attorney who represented Consol Energy in connection with the sale of Mrs. Rogers' real estate in the probate proceedings, have filed a motion to dismiss Plaintiff's complaint under Fed.R.Civ.P. 12(b)(1) and

---

[1] On April 21, 2011, the Court granted a motion to dismiss filed by David Barton, an attorney who represented Plaintiff for a period of time in the probate proceedings and who was alleged to have aided and abetted the other Defendants' fraudulent conduct. Plaintiff was not granted leave to amend her claim against Barton due to the Court's conclusion that any attempt to amend would be futile. (Docket Nos. 38 and 39).

1

12(b)(6). In the alternative, Consol Energy and Amrhein seek an order directing Plaintiff to file a more definite statement of her claims under Fed.R.Civ.P. 12(e).[2]

For the reasons set forth below, the motion of Consol Energy and Amrhein to dismiss Plaintiff's complaint for lack of jurisdiction under Fed.R.Civ.P. 12(b)(1) will be denied; the motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6) will be granted without prejudice to Plaintiff's right to file an amended complaint; and the alternative motion for a more definite statement under Fed.R.Civ.P. 12(e) will be denied as moot.

## FACTUAL ALLEGATIONS

In summary, Plaintiff's complaint alleges the following facts:

Plaintiff and four siblings were the beneficiaries of Mrs. Rogers' estate. On August 2, 2004, despite Plaintiff's objection in open court on two occasions in June 2004, ninety-nine (99) acres of real estate owned by Mrs. Rogers were sold to Consol Energy for $348,000.00.[3] In 2008, contrary to testimony

---

[2] Jones, who represented the estate of Mrs. Rogers, also has filed a motion to dismiss Plaintiff's complaint or, in the alternative, a motion for a more definite statement, which will be addressed in a separate memorandum opinion.
[3] In connection with the final audit of Mrs. Rogers' estate, Plaintiff objected to the $348,000.00 sale price as inadequate. This objection, however, was dismissed by Judge Katherine B. Emery of the Orphan's Division of the Court of Common Pleas of Washington County, Pennsylvania in an opinion and order

2

that had been given by unidentified individuals in a proceeding on some unspecified date before Judge Gladden in the Orphan's Court of the Court of Common Pleas of Washington County, Pennsylvania, Plaintiff discovered "by chance" that Mrs. Rogers' real estate had been divided into three parcels prior to sale and each parcel had been sold for $348,000.00. By failing to disclose the division of the real estate and the actual proceeds realized from its sale, Defendants defrauded Plaintiff.

Amrhein, who served as counsel for Consol Energy, was present during an argument on a motion to sell Mrs. Rogers' real estate to Consol Energy before Judge Gladden in the probate proceedings. Despite Judge Gladden's denial of the motion,[4] Amrhein effectuated the transfer of the real estate to Consol Energy outside the probate proceedings, acting in total disregard of Plaintiff's claim to "2106."[5] In addition, Amrhein actively covered up the improper transfer of the real estate to Consol Energy on the public record.

Jones, who served as counsel for Mrs. Rogers' estate, effectuated the transfer of "2106" outside of probate. In proceeding with the sale of the real estate to Consol Energy,

---

filed on June 26, 2007. In fact, Mrs. Rogers' real estate was sold to Consol Pennsylvania Coal Company, not Consol Energy as alleged in Plaintiff's complaint. (Docket No. 28-1).

[4] In this connection, the Court notes that a copy of Judge Gladden's order was not attached to Plaintiff's complaint, or, if the order was issued orally in court, a copy of the transcript of the proceeding during which the ruling was made was not attached.

[5] The complaint does not define Plaintiff's reference to "2106."

3

Jones acted in contempt of Judge Gladden's ruling. Jones knew of pre-death transfers that had to have been made to effectuate the sale of Mrs. Rogers' real estate outside probate. In failing to disclose the pre-death transfers, Jones committed fraud against Plaintiff and the other beneficiaries of Mrs. Rogers' estate. (Docket No. 1).

**SUBJECT MATTER JURISDICTION**

I

Plaintiff alleges that the Court has jurisdiction in this case under 28 U.S.C. § 1332, which requires diversity of citizenship and an amount in controversy exceeding $75,000.00, exclusive of interest and costs. With respect to the amount in controversy, Plaintiff seeks "treble damages (3 times the sale price) for the fraud committed against her." (Docket No. 1, pp. 4-5). Consol Energy and Amrhein seek dismissal of Plaintiff's complaint for lack of jurisdiction under Fed.R.Civ.P. 12(b)(1), arguing Plaintiff "has failed to plead any facts that would demonstrate that she suffered any injury or actual loss, let alone sufficient facts to demonstrate that she has met the diversity statute's amount in controversy requirement." (Docket No. 29, p. 3). After consideration, the Court cannot agree.

The Court construes Plaintiff's *pro* se complaint as alleging that Mrs. Rogers' real estate was sold for $1,044,000.00, rather than $348,000.00 as represented to the

4

Orphan's Court during probate. If Plaintiff can prove this allegation, as one of five beneficiaries of Mrs. Rogers' estate, Plaintiff would be entitled to one-fifth of $696,000.00, less inheritance taxes and administrative expenses, an amount which easily satisfies the amount in controversy required for diversity jurisdiction.[6]

II

With respect to the issue of jurisdiction, Consol Energy and Amrhein also assert that although the claims in Plaintiff's complaint are entitled "FRAUD," Plaintiff is not alleging fraud. Rather, she is alleging that Defendants are in contempt of an order of Judge Gladden. Because this Court does not have jurisdiction to declare a party in contempt of an order issued by a state court, it is the position of Consol Energy and Amrhein that this case should be dismissed under Fed.R.Civ.P. 12(b)(1). (Docket No. 29, pp. 3-5).

After consideration, the Court does not agree with the characterization of Plaintiff's claims by Consol Energy and Amrhein. Although Plaintiff does, in fact, refer to Defendants' alleged fraudulent conduct as contemptuous in the complaint (Docket No. 1, ¶¶ 16, 19), the relief she seeks clearly is

---

[6] As noted by Consol Energy and Amrhein, Plaintiff's request for treble damages is not the proper measure of damages in an action for fraud under Pennsylvania law. (Docket No. 29, p. 3). Nevertheless, the Court is satisfied that she adequately has pleaded the amount in controversy required for diversity jurisdiction under 28 U.S.C. § 1332.

5

limited to damages for fraud. There is no request for declaratory relief in connection with Defendants' alleged contemptuous conduct, and the fact that Plaintiff's allegations of fraud may also constitute contempt of a state court order does not deprive this Court of jurisdiction over Plaintiff's fraud claims.[7]

### III

Consol Energy and Amrhein also contend that the Court lacks jurisdiction under Fed.R.Civ.P. 12(b)(1) based on the Rooker-Feldman doctrine. Again, the Court does not agree.

In Marran v. Marran, 376 F.3d 143 (3d Cir.2004), a mother and daughter sued the father, a county and the county's social services agency, asserting claims for assault and battery, breach of fiduciary duty, breach of implied contract, intentional infliction of emotional distress and alleged violations of their constitutional rights. The plaintiffs' claims were based on the father's alleged sexual abuse of the daughter.

The district court in Marran granted defendants' motions to dismiss, holding that it lacked subject matter jurisdiction under the Rooker-Feldman doctrine. On appeal, the Third Circuit affirmed the district court's dismissal of the plaintiffs' state

---

[7] As noted by Consol Energy and Amrhein (Docket No. 29, p. 5), if Plaintiff seeks a determination that Defendants acted in contempt of an order of Judge Gladden, the proper forum for her to seek relief is the Orphan's Division of the Court of Common Pleas of Washington County, Pennsylvania, not this Court.

law claims based on the Rooker-Feldman doctrine.[8] In discussing the doctrine, the Third Circuit stated:

* * *

> The *Rooker-Feldman* doctrine bars lower federal courts from exercising jurisdiction over a case that is the functional equivalent of an appeal from a state court judgment. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). A case is the functional equivalent of an appeal from a state court judgment in two instances: (1) when the claim was actually litigated before the state court; or (2) when the claim is inextricably intertwined with the state adjudication. *ITT Corporation v. Intelnet International Corporation*, 366 F.3d 205, 210 (3d Cir.2004). As we recently noted, almost any claim that is actually litigated will also meet the inextricably intertwined test. *Id.* Unless the federal claims are identical to the state court claims, determining whether the claims have been actually litigated is more difficult than determining whether the claims are inextricably intertwined with the state court judgment. *Id.* at 211 n. 8. Thus, we will begin by determining whether the current claims are inextricably intertwined with the custody determination.
>
> A claim is inextricably intertwined with the state court adjudication when "federal relief can only be predicated upon a conviction that the state court was wrong." *Parkview Assoc. v. City of Lebanon*, 225 F.3d 321, 325 (3d Cir.2000). "*Rooker-Feldman* applies only when in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered, or must take action that would render the state judgment ineffectual." *FOCUS*, 75 F.3d at 840.

* * *

376 F.3d at 149-50.[9]

---

[8] The Third Circuit did not agree with the district court's conclusion that the plaintiffs' Section 1983 claim must be dismissed under the Rooker-Feldman doctrine. However, the Third Circuit upheld the dismissal of the Section 1983 claim on other grounds.

7

As noted above, all of the plaintiffs' state law claims in Marran were based on the mother's allegations of sexual abuse of the daughter by the father. A state court, however, previously had determined that the sexual abuse claims of the mother were unfounded. Therefore, in order for the plaintiffs to succeed on the state law claims, the district court would have had to find that the state court erred in deciding that the mother's allegations of sexual abuse were unfounded. As a result, the state law claims asserted in the federal action were inextricably intertwined with the state court adjudication and the district court lacked jurisdiction over those claims under the Rooker-Feldman doctrine.

The present case is distinguishable from Marran. A determination that Defendants defrauded Plaintiff in connection with the sale of Mrs. Rogers' real estate does not require a finding that the alleged order of Judge Gladden precluding the sale of the real estate to Consol Energy was erroneous. Therefore, Plaintiff's fraud claims are not the functional equivalent of an appeal from Judge Gladden's purported order. In fact, Plaintiff relies on Judge Gladden's order to support her allegations of fraud. Under the circumstances, the motion

---

[9] Consol Energy and Amrhein do not assert that Plaintiff's fraud claims in this case were actually litigated during probate of Mrs. Rogers' estate. Rather, they maintain the fraud claims are inextricably intertwined with an adjudication in the probate proceedings, i.e. the purported order of Judge Gladden regarding the sale of Mrs. Rogers' real estate to Consol Energy.

8

of Consol Energy and Amrhein to dismiss Plaintiff's complaint for lack of jurisdiction based on the Rooker-Feldman doctrine will be denied.

**FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court abrogated the oft-repeated standard for dismissal of a complaint under Fed.R.Civ.P. 12(b)(6) enunciated in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), *i.e.*, that a complaint may not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Following Twombly, a plaintiff must "nudge[] [his or her] claims across the line from conceivable to plausible" in order to survive a motion to dismiss. 550 U.S. at 570. See also Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.2008)("After Twombly, it is no longer sufficient to allege mere elements of a cause of action; instead 'a complaint must allege facts suggestive of [the proscribed] conduct.'").

In addition, Fed.R.Civ.P. 9(b) requires a plaintiff alleging fraud to "state with particularity the circumstances constituting fraud...." Rule 9(b) requires plaintiffs to plead with particularity the circumstances of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard

9

defendants against spurious charges of immoral and fraudulent behavior. <u>Seville Ind. Machinery Corp. v. Southmost Machinery Corp.</u>, 742 F.2d 786, 791 (3d Cir.1984).

I

Consol Energy and Amrhein initially assert that even if Plaintiff's complaint is deemed to state claims for fraud, she has failed to state claims upon which relief can be granted because the claims are barred by the applicable two-year statute of limitations. According to Consol Energy and Amrhein, Plaintiff's complaint demonstrates that she was aware of the purported fraudulent sales in 2004, and that she was present for the "effectuation of these sales on June 16, 2004 and June 23, 2004." Nevertheless, she waited until December 23, 2010 to file this case – well past the two-year statute of limitations. (Docket No. 29, pp. 5-6).

Although the sale of Mrs. Rogers' real estate in the probate proceedings occurred in August 2004 and Plaintiff was aware of the sale, Plaintiff alleges that she did not discover Defendants' fraudulent conduct in connection with the sale, *i.e.*, the division of the real estate into three parcels and the sale of two of the parcels for $348,000.00 each outside probate, until 2008. (Docket No. 1, pp. 2-3, ¶¶ 8 and 11). Therefore, it is conceivable that Plaintiff could have filed this action within two years of her discovery of the alleged fraud. <u>Fine v.</u>

10

Checcio, 582 Pa. 253 (2005)("When the discovery rule applies, the statute of limitations does not commence to run at the instant that the right to institute suit arises, *i.e.*, when the injury occurs.... Rather, the statute is tolled, and does not begin to run until the injured party discovers or reasonably should discover that he has been injured and that his injury has been caused by another party's conduct.").

Under the circumstances, the Court declines to dismiss Plaintiff's fraud claims as barred by the statute of limitations. The denial, however, is without prejudice to the right of Consol Energy and Amrhein to renew the statute of limitations defense in the event Plaintiff files an amended complaint as discussed *infra*.

## II

A cause of action for fraud under Pennsylvania law contains the following elements: (1) a representation; (2) which is material to the transaction at hand; (3) made falsely with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) resulting injury proximately caused by the reliance. Gibbs v. Ernst, 538 Pa. 193, 889 (1994).

As noted by Consol Energy and Amrhein, Plaintiff's complaint fails to allege a misrepresentation made by either of

these Defendants to her, and, having failed to plead the first element of a claim for fraud against Consol Energy and Amrhein, Plaintiff cannot plead the remaining five elements. (Docket No. 29, p. 8). Accordingly, the motion of Consol Energy and Amrhein to dismiss Plaintiff's complaint under Fed.R.Civ.P. 12(b)(6) will be granted.

In her *pro se* response to the present motion to dismiss, Plaintiff requested an opportunity to file an amended complaint, indicating that she is attempting to obtain legal representation. (Docket No. 36). After consideration, Plaintiff's request for an opportunity to file an amended complaint will be granted. Therefore, the dismissal of Plaintiff's complaint as to Consol Energy and Amrhein is without prejudice to her right to file an amended complaint against Consol Pennsylvania Coal Company[10] and Amrhein which complies with the pleading standard enunciated in Twombly and Fed.R.Civ.P. 9(b).[11]

---

[10] *See* footnote 3.

[11] With regard to Fed.R.Civ.P. 12(b)(6), the Court concludes that Plaintiff has failed to state a claim against Amrhein for fraud on another ground. In Smith v. Griffiths, 327 Pa.Super. 418 (1984), the Superior Court of Pennsylvania noted that "[a]bsent an intent to harm a third person by using a client unjustifiably as an instrument to inflict harm, we will not impose liability upon an attorney for advice which he has given in good faith to a client for the purpose of serving a justifiable and proper interest of the client." *Id.* at 428. Nowhere in Plaintiff's complaint is it alleged that the actions taken by Amrhein in his capacity as Consol Energy's attorney with respect to the sale of Mrs. Rogers' real estate were intended to harm Plaintiff. This pleading deficiency also will have to be cured in any amended complaint filed by Plaintiff to sustain a fraud claim against Amrhein in his capacity as Consol Energy's attorney.

## MOTION FOR MORE DEFINITE STATEMENT

In light of the Court's ruling on the motion of Consol Energy and Amrhein to dismiss Plaintiff's complaint for failure to state a claim, their alternative motion for a more definite statement under Fed.R.Civ.P. 12(e) will be denied as moot.

*[signature]*
Judge William L. Standish
United States District Judge

Date: May 3, 2011