IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVNIA

| | |
|---|---|
| NANCY INGRAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 10-1728 |
| | ) |
| RICHARD AMRHEIN, CONSOL ENERGY and CARY JONES, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

INTRODUCTION

In this diversity action, Plaintiff, Nancy Ingram, proceeding *pro se*, asserts fraud claims against Defendants, Richard Amrhein ("Amrhein"), Consol Energy and Cary Jones ("Jones"). Plaintiff's claims arise out of probate of the estate of Doris A. Rogers, Plaintiff's late mother, in the Orphan's Division of the Court of Common Pleas of Washington County, Pennsylvania.

Jones, the attorney who represented Mrs. Rogers' estate in the probate proceedings, has filed the following motions: (1) a motion to dismiss under Fed.R.Civ.P. 12(b)(6); (2) a motion to strike Plaintiff's request for treble damages under Fed.R.Civ.P. 12(f); and (3) an alternative motion for a more definite statement under Fed.R.Civ.P. 12(e).

1

For the reasons set forth below, the motion of Jones to dismiss Plaintiff's complaint for failure to state a claim will be granted without prejudice to Plaintiff's right to file an amended complaint;[1] the motion to strike Plaintiff's request for treble damages will be granted; and the alternative motion for a more definite statement will be denied as moot.

**FACTUAL ALLEGATIONS**

In summary, Plaintiff's complaint alleges the following facts:

Plaintiff and four siblings were the beneficiaries of Mrs. Rogers' estate. On August 2, 2004, despite Plaintiff's objection in open court on two occasions in June 2004, ninety-nine (99) acres of real estate owned by Mrs. Rogers were sold to Consol Energy for $348,000.00. In 2008, contrary to testimony that had been given by unidentified individuals in a proceeding on some unspecified date before Judge Gladden in the Orphan's Court of the Court of Common Pleas of Washington County, Pennsylvania, Plaintiff discovered "by chance" that Mrs. Rogers' real estate had been divided into three parcels prior to sale and each parcel had been sold for $348,000.00. By failing to disclose the division of the real estate and the actual proceeds realized from its sale, Defendants defrauded Plaintiff.

---

[1] A similar motion to dismiss under Fed.R.Civ.P. 12(b)(6) that was filed by Amrhein and Consol Energy has been granted without prejudice to Plaintiff's right to file an amended complaint.

2

Amrhein, who served as counsel for Consol Energy, was present during an argument on a motion to sell Mrs. Rogers' real estate to Consol Energy before Judge Gladden in the probate proceedings. Despite Judge Gladden's denial of the motion,[2] Amrhein effectuated the transfer of the real estate to Consol Energy outside the probate proceedings, acting in total disregard of Plaintiff's claim to "2106."[3] In addition, Amrhein actively covered up the improper transfer of the real estate to Consol Energy on the public record.

Jones, who served as counsel for Mrs. Rogers' estate, effectuated the transfer of "2106" outside of probate. In proceeding with the sale of the real estate to Consol Energy, Jones acted in contempt of Judge Gladden's ruling. Jones knew of pre-death transfers that had to have been made to effectuate the sale of Mrs. Rogers' real estate outside probate. In failing to disclose the pre-death transfers, Jones committed fraud against Plaintiff and the other beneficiaries of Mrs. Rogers' estate. (Docket No. 1).

**FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court abrogated the oft-repeated standard

---

[2] In this connection, the Court notes that a copy of Judge Gladden's order was not attached to Plaintiff's complaint, or, if the order was issued orally in court, a copy of the transcript of the proceeding during which the ruling was made was not attached.

[3] The complaint does not define Plaintiff's reference to "2106."

3

for dismissal of a complaint under Fed.R.Civ.P. 12(b)(6) enunciated in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), *i.e.*, that a complaint may not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Following Twombly, a plaintiff must "nudge[] [his or her] claims across the line from conceivable to plausible" in order to survive a motion to dismiss. 550 U.S. at 570. See also Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.2008)("After Twombly, it is no longer sufficient to allege mere elements of a cause of action; instead 'a complaint must allege facts suggestive of [the proscribed] conduct.'").

In addition, Fed.R.Civ.P. 9(b) requires a plaintiff alleging fraud to "state with particularity the circumstances constituting fraud...." Rule 9(b) requires plaintiffs to plead with particularity the circumstances of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior. Seville Ind. Machinery Corp. v. Southmost Machinery Corp., 742 F.2d 786, 791 (3d Cir.1984).

A cause of action for fraud under Pennsylvania law contains the following elements: (1) a representation; (2) which is material to the transaction at hand; (3) made falsely with

4

knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) resulting injury proximately caused by the reliance. Gibbs v. Ernst, 538 Pa. 193, 889 (1994).

Jones' alleged fraudulent conduct in this case is based on his failure to disclose a material fact, rather than an affirmative representation of a material fact.[4] Specifically, Plaintiff alleges that "Jones committed a fraud as against this Plaintiff and all beneficiaries by failing to disclose that portions of [Mrs. Rogers'] real estate had been transferred outside of probate by pre-death transfer." (Docket No. 1, p. 5). However, Plaintiff fails to describe the pre-death transfers of Mrs. Rogers' real estate with any specificity, such as identifying information regarding the property transferred, the date the property was transferred, the reason the property transfer was fraudulent and the basis for Jones' obligation to disclose the property transfer to Plaintiff. Because the fraud claim against Jones is not pleaded with the required particularity, his motion to dismiss under Fed.R.Civ.P. 12(b)(6) will be granted.

---

[4] Fraud is a generic term used to describe anything calculated to deceive, whether by single act or combination, or by suppression of truth, or suggestion of what is false, whether it be direct falsehood or by innuendo, by speech or silence, work of mouth, or look or gesture. Youndt v. First National Bank of Port Allegany, 868 A.2d 539 (Pa.Super.2005). Thus, failure to disclose a material fact when obligated to do so can constitute fraud.

5

In her *pro se* response to Jones' motion to dismiss, Plaintiff requested an opportunity to file an amended complaint, indicating that she is attempting to obtain legal representation. (Docket No. 33). After consideration, Plaintiff's request for an opportunity to file an amended complaint will be granted. Therefore, the dismissal of Plaintiff's complaint as to Jones is without prejudice to her right to file an amended complaint against Jones which complies with the pleading standard enunciated in Twombly and Fed.R.Civ.P. 9(b).

**MOTION TO STRIKE**

Jones' motion to strike Plaintiff's request for treble damages also will be granted because there simply is no basis for the request. In Pennsylvania, the measure of damages in an action for fraud is "actual loss." Kaufman v. Mellon National Bank & Trust Co., 366 F.2d 326 (3d Cir.1966). Accordingly, in the event Plaintiff files an amended complaint, no request for treble damages shall be included.[5]

---

[5] With respect to the issue of damages, Jones also asserts that Plaintiff has failed to plead any damages. (Docket No. 13, p. 4). After consideration, the Court cannot agree. Plaintiff's complaint can be construed as alleging that Mrs. Rogers' real estate was sold for $1,044,000.00, rather than $348,000.00 as represented to the Orphan's Court during probate. If Plaintiff can prove this allegation, as one of five beneficiaries of Mrs. Rogers' estate, Plaintiff would be entitled to one-fifth of $696,000.00, less inheritance taxes and administrative expenses.

6

**MOTION FOR MORE DEFINITE STATEMENT**

In light of the Court's ruling on Jones' motion to dismiss Plaintiff's complaint for failure to state a claim, his alternative motion for a more definite statement under Fed.R.Civ.P. 12(e) will be denied as moot.

*/s/ William L. Standish*
Judge William L. Standish
United States District Judge

Date: May 3, 2011